IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MICHAEL MCCAIN *et al.* ) | |
| ) | Case No. 3:24-cv-00325 |
| v. ) | |
| ) | |
| BONNIE LEE PHELPS *et al.* ) | |

To: Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is the unopposed motion of Plaintiffs Michael McCain and the Southern Electrical Retirement Fund ("SERF") for default judgment (Docket No. 20) against Defendant Ashley Renee Steedly. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.[1] (Docket No. 15.) The undersigned has reviewed and considered the motion, memorandum, and declarations filed in support of the motion. For the reasons stated below, the undersigned finds that this matter can be resolved without hearing and respectfully recommends that Plaintiffs' motion for default judgment be **GRANTED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their complaint against Defendant Bonnie Lee Phelps and Defendant Ashley Renee Steedly on March 20, 2024 under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, ("ERISA") as an "interpleader and declaratory action, pursuant to Fed. R. Civ. P. 22 and 57." (Docket No. 1.)

In their complaint, Plaintiffs assert that Donald Edwin Phelps was a participant in SERF, an employee pension benefit plan. (*Id.* at ¶¶ 2, 6.) They state that Mr. Phelps died on October 12,

---
[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

2023, and that the "Pre-Retirement Death Benefit" section of the applicable "Amendment, Restatement and Continuation of Plan of Benefits" (the "Plan") was triggered. (*Id.* at ¶¶ 5–6.) That section of the Plan states:

> **4.6 – PRE-RETIREMENT DEATH BENEFIT**:
>
> In the event of the death of an Employee who has not yet commenced receipt of a Normal, Early or Disability Retirement benefit, his surviving spouse, if any, shall be eligible to receive a "Pre-Retirement Death" benefit. In the event the Employee is not survived by a spouse, his beneficiary, as designated in accordance with Section 6.2 hereof, shall be eligible to receive such benefit. Such benefit shall become payable immediately upon the death of the Employee, but contingent upon receipt of written application therefor as prescribed by the Trustees.

(Docket No. 22-1 at 18.) Section 6.2 of the Plan states:

> **6.2 – DESIGNATION OF BENEFICIARY**:
>
> Each Employee or former Employee may designate a primary beneficiary or beneficiaries and a contingent beneficiary or beneficiaries to receive any benefit that may become payable under this Plan by reason of the Employee's death, but only when such payment is not otherwise payable to the Participant's surviving spouse in accordance with the provisions of Sections 5.1 and 5.2 hereof. . . .

(*Id.* at 35.)

In accordance with Section 6.2 of the Plan, Mr. Phelps designated Defendant Steedly as his primary beneficiary and listed his relationship to her as "fiancé." (Docket No. 22-2.) According to Plaintiffs, Mr. Phelps also identified Defendant Steedly in his Last Will and Testament as his "fiancé and the mother of his minor child." (Docket No. 1 at ¶ 7.) However, also in his Last Will and Testament, Mr. Phelps identified Defendant Phelps as a person to whom he had been married, stating, "We have been separated from for [sic] ten years and I do not consider her to be of any relation to me." (*Id.*)

Accordingly, given the fact that Mr. Phelps designated Defendant Steedly as his beneficiary but appears to be married to Defendant Phelps, Plaintiffs are "in doubt" as to whether

2

Defendant Phelps or Defendant Steedly should "receive the death benefit." (*Id.* at ¶ 8.) Plaintiffs do not indicate whether either defendant has applied for the pre-retirement death benefits as set forth in Section 4.6 of the Plan, but Plaintiffs ask the Court to "declare rights" between the two defendants "as to whom SERF should pay the death benefit." (*Id.* at ¶ 10.) Plaintiffs state that they are "prepared to pay the proper amount to whichever party the Court deems entitled to receive the death benefit."[2] (*Id.* at ¶ 11.)

On April 22, 2024, Plaintiff filed a motion for entry of default against both Defendants (Docket No. 9). However, on May 3, 2024, Defendant Phelps filed a *pro se* answer asserting that she and Mr. Phelps have been married since November 18, 2006, and that there is a separate probate matter ongoing in the state of South Carolina. (Docket Nos. 13, 13-1.) Accordingly, Plaintiffs moved to withdraw their motion for entry of default with respect to Defendant Phelps (Docket No. 14), which the Court granted in part (Docket No. 16).

On May 13, 2024, the Court granted Plaintiffs' motion for entry of default with respect to Defendant Steedly. (Docket No. 17.) As reflected in the record, Defendant Steedly was served via individual personal service on March 29, 2024. (Docket No. 7). To date, Defendant Steedly has not responded to or otherwise defended this action. Further, attorney R. Jan Jennings declared that Defendant Steedly is not a minor, incompetent, or an active member of the military. Jennings relied on a declaration from Vincent Buckley, the private process server who served Defendant Steedly with a copy of the summons and complaint. (Docket Nos. 7-1, 10.) In his declaration, Buckley

---

[2] Plaintiffs have not indicated the amount of money that would be available pursuant to the pre-retirement death benefit section of the Plan. In addition, Plaintiffs have not deposited any funds with the Court. However, there is no express provision in Rule 22 that a party deposit the amount at issue with the Court. Accordingly, there is not a jurisdictional requirement that Plaintiffs make a deposit. *See* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1716 (3d ed. 2001) (citing *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79 (9th Cir. 1982); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976)).

stated that he asked Defendant Steedly if she was an active member of the armed forces under a call to active duty or eligible to be called for active duty and Defendant Steedly responded that she was not. (Docket No. 7-1.) Accordingly, the Court entered default against Defendant Steedly.

Now, Plaintiffs seek default judgment against Defendant Steedly and ask the Court to find that she is "not entitled to the pre-retirement death benefit" that is due to Mr. Phelps's beneficiary. (Docket No. 21 at 2.) Plaintiffs do not ask for any monetary award. (*Id.*) Plaintiffs served Defendant Steedly with a copy of the motion for default judgment. (Docket No. 20 at 2.) Defendant Steedly has failed to respond.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Interpleader

Interpleader is an equitable proceeding that "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *U.S. v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright et al., Federal Practice and Procedure § 1704 (3d ed. 2001)). A party may invoke interpleader through Rule 22 ("rule interpleader") or 28 U.S.C. § 1335 ("statutory interpleader"). Although rule and statutory interpleader differ in terms of jurisdiction, they are addressed in the same manner. *High Tech Products, Inc.*, 497 F.3d at 641 n.1; *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355–56 (6th Cir. 2018).

Here, Plaintiffs have invoked rule interpleader. (Docket No. 1 at ¶ 1.) Under Rule 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(a)(1). This rule "provides a procedural framework for interpleader

actions, but it does not confer subject matter jurisdiction on federal courts." *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). When analyzing an interpleader claim, the court must determine whether the plaintiff has properly invoked interpleading by ascertaining: (1) whether the court has jurisdiction over the suit; (2) whether the stakeholder is actually threatened with double or multiple liability; and (3) whether any equitable concerns prevent the use of interpleader. *High Tech. Products, Inc.*, 497 F.3d at 641 (citation omitted).

The Court finds that interpleader is available and an appropriate remedy for the relief sought by Plaintiffs. First, the Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this claim arises under ERISA, 29 U.S.C. § 1132(e)(1). Further, interpleader is a form of "appropriate equitable relief" pursuant to section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B). *Metro. Life Ins. Co.*, 119 F.3d at 418. Second, Plaintiffs risk exposure to double liability by adverse claimants because Defendant Phelps and Defendant Steedly could BOTH assert competing claims for the pre-retirement death benefits available under the plan. Third and finally, there are no equitable concerns to prevent the use of interpleader in this case. *See Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *1 (E.D. Tenn. Nov. 24, 2009) (citing *Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960) ("the only equitable ground necessary for interpleader . . . is exposure to double or multiple vexation")).

**B. Default Judgment**

The decision to grant a default judgment is within the sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Under Rule 55(b)(2), a court may enter a default judgment if that court has jurisdiction, and the movant has met certain procedural requirements. *Id.* at 108–09. For a court to grant a motion for default judgment, the complaint must

5

state a claim upon which relief can be granted. *Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-cv-00276, 2019 WL 4963230 at *1 (M.D. Tenn. Oct. 8, 2019) (internal citations omitted).

Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including any jurisdictional averments. *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981); *Antoine*, 66 F.3d at 110–11. Here, due to Defendant Steedly's default, the Court is entitled to accept as true the well-pleaded factual allegations of the complaint. *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

In addition, a defendant in an interpleader action who fails to answer or otherwise defend herself forfeits any claim of entitlement that she might have asserted. *Usable Life Co.*, 2009 WL 4348588 at *2 (citing *Sun Life Assur. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted"); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, No. 1:08-CV-45, 2009 WL 1362067, at *5 (E.D. Tenn. May 13, 2009) (finding that defendant's "default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by [defendant] as a surviving child"); *Fed. Ins. Co. v. Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL1456103, at *7 (D. Colo. May 15, 2007) ("[a] default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue")). *See also Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement

6

that might have been asserted.") (quoting *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2010)) (cleaned up).

Here, the Court finds that Defendant Steedly has forfeited any possible claim of entitlement to potential pre-retirement death benefits available under the Plan because she has failed to answer Plaintiffs' complaint or otherwise defend herself in this action. Accordingly, Defendant Steedly's interest in the pre-retirement death benefit will be terminated upon entry of default judgment. The only remaining claimant, Defendant Phelps, is therefore entitled to the funds. *Usable Life Co.*, 2009 WL 4648588 at *2 (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("if all but one interpleader defendant defaulted, the remaining defendant would be entitled to the fund")).

In addition, the other requirements of Rule 55(b) are met. Although the amount of the pre-retirement death benefit is unknown, it is undisputed. Accordingly, the Court need not conduct a further accounting. *See* Fed. R. Civ. P. 55(b)(2)(A). Additionally, the complaint alleges no damages against any defendants, so the Court need not determine any. *See* Fed. R. Civ. P. 55(b)(2)(B). Finally, the Court is satisfied that the default against Defendant Steedly is sufficiently supported by evidence, so the Court need not investigate any other matter as to the appropriateness of the default judgment. *See* Fed. R. Civ. P. 55(b)(2)(D).

For these reasons, the Court finds that Plaintiffs' motion for default judgment against Defendant Steedly should be granted and that Defendant Phelps is the only remaining defendant with a valid claim to any pre-retirement death benefit available under the Plan.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiffs' unopposed motion for default judgment against Defendant Ashley Renee Steedly (Docket No. 20) be **GRANTED** and

2. **FINAL JUDGMENT** be entered that: (i) Defendant Ashley Renee Steedly has forfeited any claim to any benefits described in the "Pre-Retirement Death Benefit" section of the applicable "Amendment, Restatement and Continuation of Plan of Benefits"; and (ii) Defendant Bonnie Lee Phelps, by virtue of her status as the sole remaining interpleader Defendant, is entitled to any benefits described in the "Pre-Retirement Death Benefit" section of the applicable "Amendment, Restatement and Continuation of Plan of Benefits."

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. of Civ. P. 72(b)(2), Local R. 72.02(b). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2), Local R. 72.02(b).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to:

Ashley Renee Steedly
501 Elm Hill Circle
Summerville, SC  29483

Bonnie Lee Phelps
1015 Cashew Lane, Apt. 22
Sumter, SC  29153

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge